IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STEVEN C. DRASAL, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> PILOT TRAVEL CENTERS, LLC, d/b/a PILOT FLYING J, <br><br> Defendant. | § § § § § § § § § § § § § § <br><br> Civil Action No. <br><br> 6:19-cv-981 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Steven C. Drasal ("Named Plaintiff") on behalf of himself and all others similarly situated ("Class Members" herein) (Named Plaintiff and Class Members are collectively referred to herein as "Plaintiffs") brings this lawsuit against the above-named Defendant under the New Mexico Minimum Wage Act ("NM Wage Act"), as amended, N.M. STAT. § 50-4-19, *et seq*. He shows as follows:

### I. NATURE OF SUIT

1. The NM Wage Act requires that employees who work more than forty hours in a week be paid one and one-half times their regular hourly rate for hours worked in excess of forty hours. N.M. STAT. § 50-4-22.

2. Defendant Pilot Travel Centers, LLC ("Defendant") failed to pay its drivers in accordance with the guarantees and protections of the NM Wage Act. Specifically, Defendant refuses to pay Plaintiffs for all of their work time. Specifically, Defendant refuses to pay Plaintiffs an overtime premium for hours worked over forty in a workweek.  Plaintiffs routinely worked 55-60 hours per week,

but, because Defendant did not pay Plaintiffs any overtime premium for hours worked over forty in a workweek, Defendant failed and refused to pay them all of their wages due under the NM Wage Act. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiff with regard to the work performed and the Defendant's compensation policies, Named Plaintiff brings his NM Wage Act claims as an opt-out class action under Federal Rule of Civil Procedure 23.

## II. PARTIES

3. Named Plaintiff Steven C. Drasal is an individual who currently resides in Riverside County, California and was employed by Defendant within the meaning of the NM Wage Act from approximately December 2018 until September 2019.

4. The Named Plaintiff and Class Members are Defendant's current and former drivers who worked as such for Defendant.

5. Defendant Pilot Travel Centers, LLC is a foreign (Delaware) limited liability company that is authorized to do business in New Mexico and that is doing business in New Mexico. Defendant's principal place of business is located in Knoxville, Tennessee. Defendant's registered agent for service of process is CT Corporation System, 206 South Coronado Avenue, Espanola, NM 87532-2792.

## III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction in this matter because there is complete diversity between Named Plaintiff and Defendant. Specifically, Named Plaintiff is a resident of the State of California, and Defendant is a Delaware limited liability company that maintains its principal office in Knoxville, Tennessee. In addition, the amount in controversy with respect to Named Plaintiff's claim, standing alone and not aggregated with any claim of any other individual, is in

excess of $75,000.00. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1332. This Court also has personal jurisdiction over all parties to this action.

7. Venue is proper in the United States District Court for the District of New Mexico. A substantial part of the events forming the basis of this suit occurred in in this District. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b). Named Plaintiff Drasal was an employee of Defendant and performed work for Defendant in and around Lea, Chavez, and Eddy Counties. Defendant does business and maintains offices in Lovington, Lea County, New Mexico; Artesia, Eddy County, New Mexico; and Carlsbad, Eddy County, New Mexico. Defendant is subject to this Court's personal jurisdiction with respect to this civil action. Defendant thus resides in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b)(1).

### IV. COVERAGE UNDER THE NM WAGE ACT

8. At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of Section 50-4-21(B) of the NM Wage Act.

9. At all times hereinafter mentioned, Named Plaintiff and the NM Class Members (defined below) were individual "employees" within the meaning of Section 50-4-21(C) of the NM Wage Act, and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 50-4-21(A) of the NM Wage Act.

### V. FACTUAL ALLEGATIONS

A. Violations

10. "Pilot Flying J is the largest operator of travel centers in North America with more than 750 locations in 44 states and six Canadian provinces. Headquartered in Knoxville, Tennessee, the company employs more than 28,000 people." https://pilotflyingj.com/history/ (last viewed October 16, 2019). Defendant operates travel centers across the country, and provides travel-

related services, including food and beverage services and fuel to both personal and professional drivers.

11. Named Plaintiff was hired by Defendant as a driver in December 2018. He remained in that role until he left employment with Defendant in September of 2019.

12. In his position of driver, Named Plaintiff hauled loads of crude oil for Defendant.

13. Throughout his employment, Defendant paid its driver Plaintiffs in part per load and in part per hour.

14. Specifically, Defendants paid Plaintiffs for their driving time if they were carrying a load; the pay depends on the number of miles driven with the load and whether the load was delivered in the AM or PM Shift. Defendants also pay Plaintiffs a flat amount if the load was rejected, if the load came from more thank one tank (split), and if Plaintiffs were required to wear a gas mask while loading the cargo.

15. But Defendant does not pay the Plaintiffs for all of their work time.

16. Defendants do not pay Plaintiffs for their driving time if they are not carrying a load (if they are "deadheading").

17. Defendants also do not pay Plaintiffs for their first hour of time waiting to load or unload crude oil; waiting time ("Demurrage") is only paid starting after the first hour at a rate of $20 per hour.

18. Defendants also do not pay Plaintiffs for time spent at the yard waiting to be assigned a load, daily mandatory pre-shift meetings that last between 20-30 minutes, daily cleaning of their company vehicles; completing and returning company paperwork, including daily driver reports, maintenance request, and tickets.

19. Named Plaintiff estimates that he had approximately 20 hours per week of unpaid work time.

20. Defendants pay Plaintiffs by the hour to wait for their truck to be repaired, move equipment at the yard, perform an extensive wash of a company truck, to attend irregular company-wide safety meeting(s), and to submit a drug testing sample.

21. Defendant paid all of its drivers in the same way.

22. Defendant employs roughly 25 drivers per yard in New Mexico, and it maintains three yards in the State of New Mexico.

23. Defendant misclassifies Plaintiffs as exempt employees under NM Wage Act, and does not compensate them at one and one-half their regular hourly rates of pay for hours Plaintiffs work over 40 in a workweek.

24. Named Plaintiff and Class Members worked long hours. Named Plaintiff typically worked twelve hours per day and, in weeks where he performed work, more than forty hours in a week.

25. Plaintiffs worked both day and night shifts on five day hitches. Defendant requires Plaintiffs to arrive at the yard at 5:40 a.m. (or p.m. if they are beginning a night shift). Defendant holds mandatory meetings at that time. Plaintiffs typically complete their work for the day by 6 p.m. (or a.m. if they are ending a night shift).

26. For example, during the workweek from July 25 – July 31, 2019, Named Plaintiff's total hours worked was at least approximately 54 hours. But Defendant did not pay any overtime compensation for that week. Therefore, Defendant failed to compensate him for at least 14 hours of overtime work during that week.

27. The job duties of the drivers at each of the Defendant's New Mexico locations was and is essentially the same. As a result, each driver performed the same or similar job duties throughout Defendant's operations.

28. Defendant's drivers are non-exempt employees under the NM Wage Act.

29. Defendant was aware that Plaintiffs were performing work in excess of 40 hours in a workweek. But Defendant did not and does not compensate Named Plaintiff or Class Members at one and one-half times their regular hourly rates for the hours in excess of 40 in a workweek. As a result, Defendant failed and refused to pay Named Plaintiff and Class Members at proper overtime rates for any of the overtime hours they worked.

30. Defendant has employed and is employing other individuals as drivers who have performed the same job duties under the same pay provisions as Named Plaintiff, in that they have performed, or are performing, the same job duties, and have consistently worked in excess of forty hours in a workweek and have been denied pay at overtime rates for all hours worked over 40 in a workweek.

**B. Defendants' denial of pay for overtime constitutes continuing course of conduct.**

31. In 2009, the New Mexico 49th Legislature unanimously passed—and the governor signed—House Bill 489. House Bill 489 became effective June 19, 2009. With House Bill 489's passage, the statute of limitations for wage claims, including unpaid overtime claims, under the NM Wage Act was extended from one year to three years. NMSA 1978 § 37-1-5. Also, effective June 19, 2009, the statute of limitations under the NM Wage Act is eliminated when the violation is part of a "continuing course of conduct." *Id.* § 50-4-32.

32. Since before Named Plaintiff began working for Defendant and continuing through today, Defendant has maintained a policy and practice of failing and refusing to pay Named Plaintiff and Class Members at one and one-half times their regular hourly rates of pay for all hours they work over 40 in a workweek.

33. Defendant's continued refusal to pay for all of the Plaintiffs' compensable work time at lawful overtime rates constitutes a continuing course of conduct.

### VII. NM WAGE ACT RULE 23 CLASS ALLEGATIONS

34. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiff, individually and on

behalf of all other similarly situated employees, pursues NM Wage Act claims against Defendant.

35. Named Plaintiff seeks certification of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "NM Class Members") as follows:

> **All current and former drivers of Defendant who worked for Defendant in New Mexico in at least one workweek since June 19, 2009.**

36. Named Plaintiff, individually and on behalf of all other similarly situated employees, seeks relief on a class basis challenging Defendant's practice of refusing to pay Named Plaintiff and the Class Members at lawful overtime rates for the hours that they worked in excess of 40 in a workweek.

37. Named Plaintiff and the NM Class Members performed the same or similar job duties as one another in that they worked as, and performed the duties of, non-exempt employees, namely drivers for Defendant in the State of New Mexico. Further, Named Plaintiff and the NM Class Members were subjected to the same pay provisions in that they were all paid in the same manner but were not paid at the rate of at least one and one-half times their regular hourly rates of pay for any hours they worked over 40 in a workweek.

38. Defendant's failure to compensate employees for hours worked in excess of 40 in a workweek as required by the NM Wage Act results from a policy or practice refusing to pay Named Plaintiff and the Class Members at lawful overtime rates for those hours. This policy or practice is applicable to the Named Plaintiff and all NM Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiff or the Class Members. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Named Plaintiff also applied to all NM Class Members.

39. Throughout the relevant period, Defendant knew that Named Plaintiff and NM Class Members were not being properly compensated for all of their hours worked.

40. Defendant maintained common work, time, and pay policies and procedures for its drivers based out of and working in New Mexico. As a result, Named Plaintiff and NM Class Members are similarly situated and have been regularly deprived of pay for workweeks during which they worked more than forty hours.

41. Plaintiffs' NM Wage Act claims against Defendant satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements for the certification of a class action under Federal Rule of Civil Procedure 23.

42. **Numerosity.** The class satisfies the numerosity standard as it is believed that there are at least 100 NM Class Members, including current and former employees. Consequently, joinder of all NM Class Members in a single action is impracticable. The data required to calculate the size of the class is within the control of Defendant.

43. **Commonality.** There are questions of law and fact common to the class that predominate over any questions affecting individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

    a) Whether Defendant's common policy of classifying its drivers as exempt from the overtime protections of the NM Wage Act violates the NM Wage Act.

    b) Whether Defendant's common policy of not paying drivers at the rate of at least one and one-half times their regular hourly rates for hours worked over forty deprived its drivers of proper overtime compensation.

    c) Whether Defendant's violation of the NM Wage Act constituted a continuing course of conduct; and

    d) The proper measure of damages sustained by the NM Class Members.

44. **Typicality**. Named Plaintiff's claims are typical of those of the class because Named Plaintiff's claims arise from the same course of conduct and legal theories as the claims of the prospective

NM Class Members. Like the NM Class Members, Named Plaintiff worked as a non-exempt employee on Defendant's New Mexico jobsites, but Defendant misclassified him as an exempt employee and failed to pay him at overtime rates required by the NM Wage Act. Like the NM Class Members, Named Plaintiff regularly worked in excess of forty hours per week. Like the NM Class Members, Named Plaintiff was not paid for all of his work time due to Defendant's policy of refusing to pay for any time in excess of 40 hours at one and one-half times his regular hourly rate of pay. The other facts outlined above likewise apply equally to both Named Plaintiff and the NM Class Members.

45. **Adequacy**. Named Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the NM Class Members he seeks to represent. The interests of the members of the class will be fairly and adequately protected by Named Plaintiff and the undersigned counsel, who have experience in employment and class action lawsuits.

46. **Superiority**. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any member of the class could afford to pursue individual litigation against a company the size of Defendant, doing so would unduly burden the court system. Individual litigation of many of these claims would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the class would create risk of inconsistent and varying judicial results and establish incompatible standards of conduct for Defendant. A single class action can determine the rights of all NM Class Members in conformity with the interest of efficiency and judicial economy.

### VIII. CAUSE OF ACTION ONE: FAILURE TO PAY WAGES IN ACCORDANCE WITH NEW MEXICO MINIMUM WAGE ACT

47. During the relevant period, Defendant violated the New Mexico Minimum Wage Act, N.M. STAT.

§ 50-4-22 (West 2018), by employing employees, including Named Plaintiff and the NM Class Members, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates that are not less than one-and-one-half times their regular hourly rate. Defendant's violation of New Mexico Minimum Wage Act occurred as part of a continuing course of conduct.

## IX. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, Named Plaintiff prays for judgment against Defendant as follows:

a. For an Order certifying the NM Wage Law claims as a class action pursuant to Fed. R. Civ. P. 23, for designation of Named Plaintiff as Class Representative, and for designation of Plaintiff's counsel as class counsel;

b. For an Order awarding Named Plaintiff and the NM Class Members damages pursuant to N.M. Stat. 50-4-26;

c. For an Order awarding Named Plaintiff and the NM Class Members damages for all violations, regardless of the date on which they occurred, as a result of Defendants' continuing course of conduct pursuant to N.M. Stat. Ann. 50-4-32;

d. For an Order awarding Named Plaintiff (and those who have joined or may join the suit) the taxable costs and allowable expenses of this action;

e. For an Order awarding Named Plaintiff (and those who have joined or may join the suit) attorneys' fees; and

f. For an Order awarding Named Plaintiff (and those who have joined or may join the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

g. For an Order awarding Named Plaintiff declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes, of the New Mexico Minimum Wage Act; and

j. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**MORELAND VERRETT, P.C.**
The Commissioners House at Heritage Square
2901 Bee Cave Road, Box L
Austin, Texas 78746
Tel: (512) 782-0567
Fax: (512) 782-0605

By: */s/ Daniel A. Verrett*
　　Daniel A. Verrett
　　Texas State Bar No. 24075220
　　daniel@morelandlaw.com

Edmond S. Moreland, Jr.
State Bar No. 24002644
edmond@morelandlaw.com
700 West Summit Drive
Wimberley, Texas 78676
(512) 782-0567
(512) 782-0605 - telecopier

**ATTORNEYS FOR PLAINTIFFS**