# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

STEVEN C. DRASAL,
*Individually and on behalf of
all others similarly situated,*

      Plaintiff,

v.                                       No. 2:19-cv-00981 KWR/CG

PILOT TRAVELING CENTERS, LLC,
*d/b/a* Pilot Flying J.*,*

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant's Motion to Compel Arbitration, filed on January 14, 2020 **(Doc. 8)**. Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant's Motion is well-taken and, therefore, is **GRANTED**. This case is **STAYED** pending arbitration.

## BACKGROUND

This is a putative class action under the New Mexico Minimum Wage Act, NMSA § 50-4-22, alleging that Pilot Traveling Centers, LLC failed to pay overtime wages. Defendant filed this motion to compel arbitration on January 14, 2020. Plaintiff's main objection appears to be that there is no valid agreement to arbitrate, because he did not sign the arbitration agreement.

## DISCUSSION

**I.**    **Federal Arbitration Act.**

The Federal Arbitration Act permits a party to move to compel arbitration when an opposing party refuses to arbitrate issues covered by a valid arbitration agreement. 9 U.S.C. § 4.

The party seeking to compel arbitration must establish that (1) there is a valid arbitration clause and (2) the claims in dispute fall within that agreement's scope. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732 (Tex. 2005); *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 519 (Tex. 2015).

Plaintiff argues that there is no valid agreement to arbitrate between Plaintiff and Defendant. "Under the FAA, ordinary principles of state contract law determine whether there is a valid agreement to arbitrate. Because arbitration is contractual in nature, the FAA generally does not require parties to arbitrate when they have not agreed to do so." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 738 (Tex. 2005) (citations and quotation marks omitted); *In re Rubiola*, 334 S.W.3d 220, 224 (Tex. 2011). Texas law determines whether there is a valid agreement to arbitrate. *Arthur Andersen LLP, v. Carlisle*, 556 U.S. 624 (2009); **Doc. 8 at 2; Doc. 11 at 3; Doc. 14 at 3.**

## II. <u>Valid Contract</u>.

### A. <u>Relevant Law</u>

"The party attempting to compel arbitration carries the burden of demonstrating a valid arbitration agreement." *Fundamental Admin. Sers., LLC v. Patton*, 504 Fed. App'x 694, 698 (10th Cir. 2012); *BOSC, Inc. v. Bd. of City Comm'rs of City of Bernalillo*, 853 F.3d 1165, 1177 (10th Cir. 2017) (noting that the moving party "bears the initial burden of presenting evidence sufficient to demonstrate the existence of an enforceable agreement"). The Court views the facts in the light most favorable to the party opposing arbitration. *Howard. Ferrellgas Partners, L.P.*, 748 F.3d 975, 978 (10th Cir. 2014). The Court must determine whether there is a "genuine dispute of material fact regarding the existence of an agreement." *BOSC, Inc. v. Bd. of City Comm'rs of City of Bernalillo*, 853 F.3d 1165, 1177 (10th Cir. 2017).

Defendant bears the burden to establish that a valid arbitration agreement exists by showing (1) an offer, (2) an acceptance, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Wright v. Hernandez*, 469 S.W.3d 744, 756 (Tex. App. 2015).

**B.     Analysis.**

1.     <u>Plaintiff signed the arbitration agreement</u>.  Plaintiff argues that the arbitration agreement cannot be enforced because he did not "sign" it. Instead, it appears he asserts he only printed his name on the agreement and dated it rather than signing in cursive. No specific form of signature is required under Texas law as long as the mark shows an intention to be bound by the agreement. *See, e.g., Betts v. Betts*, No. 14-11-00267-CV, 2012 WL 2803750, at *2 (Tex. App. July 10, 2012). The signature block did not specify a place for a signature that was left blank, while other documents specifically requested a "signature." Rather, both parties wrote their name and dated the arbitration agreement. Absent any separate line expressly requesting a signature, the Court finds here that Plaintiff and Defendant objectively manifested intent to be bound by the contractual terms by writing their names and dating the arbitration agreement. *See Copeland v. Alsobrook*, 3 S.W.3d 598, 604 (Tex. App.1999) ("The determination of a meeting of the minds, and thus offer and acceptance, is based on the objective standard of what their parties said and did and not on their subjective state of mind.").

Notably, three documents *signed* by Plaintiff before or contemporaneously with the arbitration agreement provided that employment was *contingent* upon agreeing to the arbitration agreement. **Doc. 8-1, Ex. A; Doc. 8-3, Ex. C; Doc. 8-4, Ex. D.** Plaintiff does not dispute that he wrote his name and dated the arbitration agreement. Therefore, the Court concludes that Plaintiff by writing his name and dating the document intended to accept the arbitration agreement.

3

2. <u>Alternatively, Plaintiff agreed to the arbitration agreement by his conduct</u>.

Alternatively, even if he failed to "sign" the arbitration agreement, the Court concludes that Plaintiff otherwise agreed to arbitrate through his conduct. Specifically, Plaintiff worked for Pilot after he received and signed documents stating that he understood his employment was contingent on agreeing to arbitrate.

"While signature and delivery are often evidence of the mutual assent required for a contract, they are not essential." *Phillips v. Carlton Energy Grp., LLC*, 475 S.W.3d 265, 277 (Tex. 2015); *see also Perez v. Lemarroy*, 592 F. Supp. 2d 924, 931 (S.D. Tex. 2008) ("The Federal Arbitration Act ('FAA') only requires that an arbitration clause be in writing, without any requirement that an arbitration clause must be signed, thus, no signatures are necessary to bind parties to an arbitration agreement."). "[T]he absence of a party's signature does not necessarily destroy an otherwise valid contract and is not dispositive of the question of whether the parties intended to be bound by the terms of a contract." *Wright,* 469 S.W.3d at 765–57, *quoted in Firstlight Fed. Credit Union v. Loya*, 478 S.W.3d 157, 167 (Tex. App. 2015).

Nothing in the arbitration agreement provides that a signature is a condition precedent to agreeing to arbitration. *Wright v. Hernandez*, 469 S.W.3d 744, 758-59 (Tex. App. 2015) (there "is no evidence in the record to suggest that the parties intended for a signature to be a condition precedent to the signing of an agreement, then a party's failure to sign the agreement does not render the agreement unenforceable as long as it appears that the parties otherwise gave their consent to the terms of the agreement."). Moreover, "[t]he presence of a signature block in an arbitration agreement, standing alone, is insufficient to establish that a party's signature is a condition precedent to the enforceability of the agreement." *Firstlight,* 478 S.W.3d at 168.

Rather, it is clear by the other documents received and signed by Plaintiff that agreeing to the arbitration agreement was a condition precedent to employment. **Doc. 8-1, Ex. A; Doc. 8-3, Ex. C; Doc. 8-4, Ex. D.** "[A]n employer may enforce an arbitration agreement entered into during an at-will employment relationship if the employer establishes that the employee received notice of its arbitration policy and accepted it. Notice is effective if it unequivocally communicates to the employee definite changes in the employment terms. If the employee receives notice and continues working with knowledge of the modified employment terms, the employee accepts them as a matter of law." *In re Dillard Dep't Stores, Inc.*, 198 S.W.3d 778, 780 (Tex. 2006) (internal citations omitted).

For example, Plaintiff and his supervisor signed a document titled "important acknowledgement", which provided that employment is contingent upon agreeing to the mandatory arbitration agreement. This document provided in part: "For all Team Members/Drivers hired on or after January 1, 2012, employment is subject to and contingent upon the signing of the mandatory arbitration agreement presented to you and signed when you completed your new hire paperwork. If you have any questions related to the mandatory arbitration agreement, do not hesitate to contact the PFJ Legal Department at…. " **Doc. 8-4 at 1, Ex. D.** This is unequivocal notification that employment would constitute acceptance of the arbitration agreement.

Moreover, this language is similar to Plaintiff's online employment application, which he electronically signed, and which notified him that he must agree to the arbitration policy as a condition of employment. *See* **Doc. 8 at 3, Ex. A** ("Further, that I will be required as a condition of employment to agree to Pilot Flying J's dispute resolution procedure, including binding arbitration, to resolve any and all claims related to my employment…").

5

Plaintiff also received a document titled Employer Notice to Current Texas Employee. **Doc. 8-3, Ex. C.** The notice provided in part that Plaintiff acknowledges (1) he received a copy of the Revised Mandatory Arbitration Plan; (2) that neither party shall have the right to file a suit in any state or federal court; and that (3) arbitration will be governed by the Federal Arbitration Act. Plaintiff filled in his name, initialed this paragraph, and signed the document. Therefore, Plaintiff's signature on this document was also an acceptance of the arbitration agreement and Plaintiff manifested intent to be bound by the arbitration agreement. Plaintiff argues that this paragraph only applies to work-related injuries. The Court does not read that paragraph as so limited.

Therefore, the Court concludes that Plaintiff was on notice that his employment was contingent on accepting the mandatory arbitration agreement, and by continuing to work for Defendant, he manifested assent to the arbitration agreement. *See, e.g., Firstlight Fed. Credit Union v. Loya*, 478 S.W.3d 157, 168 (Tex. App. 2015) (employee bound by arbitration agreement when he continued to work after receiving notice of mandatory arbitration agreement); *In re Halliburton Co.,* 80 S.W.3d 566, 568–69 (Tex.2002) (when the employee reported to work after being notified of the arbitration agreement, he accepted the offer, and both the employer and employee became bound to arbitrate any disputes between them); *See also In re Dillard Dept. Stores, Inc.,* 198 S.W.3d 778, 780 (Tex.2006) (at-will employee who received notice of the modified employment terms requiring arbitration and then continued working, accepted those terms as a matter of law despite the lack of any evidence the employee signed the acknowledgment form).

### III. Case will be stayed.

Defendant requested that this case be dismissed, but Plaintiff objected and requested that it be stayed. Therefore, the Court must stay the case. *Laurich v. Red Lobster Restaurants, LLC*, 295 F. Supp. 3d 1186, 1203 (D.N.M. 2017), *citing Adair Bus Sales, Inc. v. Blue Bird Corp.*, 25 F.3d 953, 955 (10th Cir. 1994).

### CONCLUSION

For the reasons stated above, Defendant's Motion to Compel Arbitration is **GRANTED.** This case is hereby **STAYED** pending arbitration**.** The parties shall file a status report every six months.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE